Submitted March 21, vacated and remanded April 30, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KRISTIANNA RENE GROLING,
*Defendant-Appellant.*

Yamhill County Circuit Court
CR110158; A151400

325 P3d 794

Peter Gartlan, Chief Defender, and Lindsey Burrows, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Egan, Judge, and De Muniz, Senior Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction entered after a stipulated facts trial, in which she was convicted of one count of unlawful possession of marijuana, ORS 475.864(2). Defendant assigns error to the trial court's denial of her motion to suppress evidence obtained after she consented to a search of her room. We vacate and remand.

Defendant moved to suppress evidence, including marijuana and paraphernalia, obtained from her bedroom, arguing, among other things, that she did not voluntarily consent to the search of her room but instead merely acquiesced to a police officer's demand that she produce her marijuana. The trial court denied defendant's motion, reasoning that the officer had probable cause to arrest defendant for child endangerment, ORS 163.575(1)(b), because defendant's roommate's infant son was present in the apartment. Consequently, the trial court reasoned, the officer "had every right to go in, with or without consent, and to search the entirety of [the] room." The court concluded:

> "I find that what was happening was [the officer] was asking for consent. Consent was being given. I find that he had no requirement to have consent. And I find that the search was lawful under any circumstances or any pretext of any of the information that had been presented."

We reject the court's conclusion that the search was valid irrespective of whether defendant consented to it. The existence of probable cause does not relieve the state of its obligation to obtain a warrant or to establish that an exception to the warrant requirement applies. *See State v. Rudder*, 347 Or 14, 21, 217 P3d 1064 (2009). Indeed, on appeal, the state argues only, as it did below, that the search fell within the consent exception to the warrant requirement, rendering probable cause irrelevant. *See State v. Zamora*, 237 Or App 514, 519, 240 P3d 91 (2010), *rev den*, 350 Or 297 (2011).[1]

---

[1] To the extent that the trial court conceived of the search as permissible incident to defendant's arrest for child endangerment, the state did not advance that argument, nor would the facts support it: There was no evidence that defendant had any control over her roommate's infant son. *See State v. McBride*, 352 Or 159, 165, 281 P3d 605 (2012).

Reviewing the court's conclusion on consent for legal error, we defer to the trial court's findings of underlying historical fact if there is evidence in the record to support the finding. *State v. Hall*, 339 Or 7, 10, 115 P3d 908 (2005). In the absence of express findings, we presume that the trial court found facts consistent with its ultimate conclusion. *Id.* Here, however, those two deferential review standards appear to stand at odds. The trial court concluded that "[c]onsent was being given" but characterized the officer's testimony in a way that conflicts with that conclusion—that is, that a police officer told defendant, "there's marijuana in there, and I'd like you to go get it." As defendant notes on appeal, to the extent that that statement reflects that defendant had no reasonable opportunity to refuse the officer's command, the statement suggests that defendant did not voluntarily consent to a search but instead merely acquiesced to the officer's show of authority. *See, e.g., State v. Ry/Guinto*, 211 Or App 298, 303-07, 154 P3d 724 (2007); *State v. Freund*, 102 Or App 647, 652-53, 796 P2d 656 (1990). Thus, we remand to the trial court for a determination whether the court's characterization of the officer's statement reflects a finding to which we must defer.

Vacated and remanded.